IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL KAESEMEYER, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | COMPLAINT AND |
| | ) | JURY DEMAND |
| LEGEND MINING USA, INC., and | ) | |
| LEGEND MINING, INC. | ) | COLLECTIVE ACTION |
| | ) | |
| Defendant. | ) | |

Plaintiff DANIEL KAESEMEYER, through undersigned counsel, hereby alleges as follows:

## THE PARTIES

1. Daniel Kaesemeyer is an individual of the full age of majority, and a resident and domiciliary of the State of Washington.

2. Defendant Legend Mining USA, Inc., is a Nevada corporation licensed to do business in Louisiana and doing business in Louisiana. Its principal business establishment within this State is located at 11217 Morton Road, New Iberia, Louisiana.

3. Defendant Legend Mining, Inc. is a Canadian corporation domiciled in Sudbury, Ontario. It is not licensed to do business in Louisiana. Its principal place of business is located at 1275 Kelly Lake Road, Unit 1, Sudbury, Ontario.

4. Legend Mining USA, Inc. is the American subsidiary of Legend Mining, Inc. The two companies operate as a single business enterprise and share the same ownership, officers, and pay practices.

## JURISDICTION AND VENUE

5. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. The Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as the state law claims form part of the same case or controversy as the federal law claim.

7. Defendants regularly transact business within this District and are subject to personal jurisdiction here.

8. A substantial part of the claims or omissions alleged herein took place in this District. 28 U.S.C. § 1391(b).

9. Defendants are regularly engaged in commerce pursuant to 29 U.S.C. § 203(s).

10. Each Defendant's annual volume of sales made and business done exceeded $500,000 at all relevant times.

11. During Plaintiff's employment with Defendants, he was engaged in the production of goods for interstate commerce. *See, e.g.,* 29 U.S.C. § 203(j).

## FACTUAL ALLEGATIONS

12. Plaintiff Daniel Kaesemeyer accepted an offer of employment from Defendants on or about July 8, 2017, via email.  Kaesemeyer, who is a resident of the State of Washington, agreed to travel to Louisiana to work as a Construction Miner on the Weeks Island salt mine in Iberia Parish.

13. Kaesemeyer was originally scheduled to begin work on August 10, 2017.  Due to delays on the part of Defendants, Kaesemeyer did not actually begin work until October 2017.

14. Kaesemeyer was to be paid at a regular hourly rate of $44 per hour.  This hourly rate was artificially separated into an "hourly base rate" of $24 per hour, plus a $20 per hour "set site bonus." Kaesemeyer was guaranteed "100% of set site bonus."

15. Defendants calculate overtime pay based solely on the $24 hourly base rate, and do not

include the $20 per hour set site bonus within the FLSA regular rate for overtime purposes.

16. Kaesemeyer spent 10 days working at the Weeks Island salt mine. During that time period, he worked for approximately 132 hours.

17. Defendants informed Kaesemeyer that pay dates would be the 10th and 25th of every month. Kaesemeyer expected to receive his first paycheck on October 25, 2017.

18. Kaesemeyer left Defendants' employ on October 17th, 2017.

19. On October 25, 2017, Kaesemeyer wrote to Jarrod Towne, Defendants' HR employee, and asked about his paycheck. Towne responded that Plaintiff's paycheck would be mailed to him "tomorrow," i.e., October 26th.

20. On November 1, 2017, Kaesemeyer had still not received a check. He again wrote to Towne and inquired about his check. Towne responded, "Let me check on that for you," but did not otherwise follow up with Plaintiff.

21. Plaintiff still had not been paid by November 8, 2017. He again wrote to Towne to ask about his check and to request a pay stub. Towne claimed he would find a "tracking number" for Plaintiff's check but, again, never followed up with Plaintiff.

22. To this date Plaintiff has not received any of his earned wages.

## FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT – NONPAYMENT OF WAGES

23. Plaintiff hereby realleges and reincorporates paragraphs 1-22.

24. The FLSA requires that employers pay nonexempt employees a minimum wage of at least $7.25 per hour, plus an overtime premium at a rate of at least one and one-half times their regular rate, for all hours over forty in a workweek.

25. Defendants have not paid Plaintiff any of the wages due to him, including minimum wage or overtime.

26. Defendants' nonpayment of minimum wage and overtime was willful and not based in a good faith belief that their conduct was in accordance with the law.

27. Plaintiff has therefore been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT – MISCALCULATED REGULAR RATE

28. Plaintiff hereby realleges and reincorporates paragraphs 1-27.

29. The FLSA requires that overtime premiums be paid at one and a half times the employee's regular rate for all hours worked after forty in a workweek.

30. The FLSA, through its accompanying regulations, explicitly forbids employers from paying overtime based on "artificial regular rates," which do not take into account the employee's entire hourly rate when calculating overtime premiums.  *See* 29 C.F.R. §§ 778.500-502.

31. Defendants' division of pay between a "base hourly rate" and a "set site bonus" is precisely such a scheme.

32. Defendants' failure to properly calculate overtime rates is a common policy, practice or plan in violation of the FLSA.

33. Plaintiff hereby seeks certification of a collective pursuant to 29 U.S.C. § 216(b), consisting of:

> All employees of Legend Mining Inc., and Legend Mining USA, Inc., within the United States of America, who worked within the three years prior to the filing of this Complaint and were not paid overtime premiums consisting of one and a half times their regular rate under the FLSA.

34. Plaintiff and the members of the collective have been injured in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

## LOUISIANA WAGE PAYMENT ACT

35. Plaintiff hereby realleges and reincorporates paragraphs 1 through 34.

36. Defendants failed to pay Plaintiff all sums owed by the next regular pay date after his resignation, or within fifteen days after his resignation, as required by La. Rev. Stat. § 23:631.

37. Plaintiff has repeatedly demanded payment of his wages from Defendants, but the wages have not been paid.

38. Defendants' actions violate the Louisiana Wage Payment Act, La. Rev. Stat. §§ 23:631-632, and Plaintiff is entitled to a penalty not exceeding 90 days' wages, along with reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT/IMPLIED CONTRACT

39. Plaintiff hereby realleges and reincorporates paragraphs 1 through 38.

40. The parties to this action entered into a contract, the material terms of which are set forth above.

41. Plaintiff performed services for Defendants pursuant to the terms of the contract.

42. Defendants have not paid Plaintiff pursuant to the terms of the contract, and have therefore breached the contract.

43. In the alternative, Defendants' failure to pay for Plaintiff's labor has unjustly enriched them and impoverished Plaintiff, and Plaintiff is entitled to recover on a *quantum meruit* basis.  There is no justification for Defendants' unlawful actions, and Plaintiff has no other adequate remedy at law for Defendants' nonpayment.

44. Defendants' unlawful actions have injured Plaintiff in an amount to be proven at trial.

45. Plaintiff hereby requests trial by jury.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

    a.    For certification of this action as a collective;

    b.    For an award of all unpaid wages, minimum wage, and overtime according to proof;

    c.    For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

    d.    For an award of reasonable attorney's fees;

    e.    For costs of suit;

    f.    For an award of penalties pursuant to La. Rev. Stat. § 23:632;

    g    For injunctive and equitable relief as provided by law;

    h.    For pre and post-judgment interest; and

    i.    For such other and further relief as may be just and proper.

Respectfully Submitted,

_____/s Charles J. Stiegler_____
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com