# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Kaesemeyer | Civil Action No. 6:17-cv-01520 |
| versus | Unassigned District Judge |
| Legend Mining USA Inc et al | Magistrate Judge Carol B. Whitehurst |

## ORDER

Before the Court is Plaintiff, Daniel Kaesemeyer's, "Motion to Certify Collective" in which Plaintiff moves to conditionally certify the FLSA collective action filed by Plaintiff [Rec. Doc. 10] against Defendant, Legend Mining USA, Inc. and Legend Mining, Inc. ("Legend"), Legend's Opposition [Rec. Doc. 13] and Plaintiff's Reply [Rec. Doc. 16]. For the following reasons, Plaintiffs' Motion for Conditional Certification will be denied.

### *I. Background*

Plaintiff, a resident of the State of Washington, worked for Legend Mining USA, Inc., the American subsidiary of Legend Mining, Inc., at the Weeks Island salt mine in Iberia. The terms and conditions of Plaintiff's employment are set forth in the employment contract ("Contract") as follows:

Remuneration:

An hourly base rate of US $24.00/hr will be paid in arrears, on the 10th and 25th of each month. In addition you will receive 100% of set site

bonus. You will be eligible for overtime on your base hourly rate after 40 hours worked per week.

*R. 10-2. p. 2.* Plaintiff signed and returned the Contract on July 13, 2017. *R. 10-2 at p. 6.*[1] Plaintiff worked at the Weeks Island salt mine for 10 days (approximately 132 hours) and left Defendant's employ on October 17, 2017. *Id.,¶¶ 16, 18.*

Plaintiff alleges he was told that pay dates would be the 10th and 25th of every month. *R. 1, ¶ 17.* Plaintiff alleges he never received a pay check for the 10 days he worked in October, 2017. *Id. at ¶¶ 19-22.* Plaintiff filed this action alleging causes of action under the Fair Labor Standards Act ("FLSA") for nonpayment of wages and miscalculated regular rate, the Louisiana Wage Payment act, La. R.S. §§ 23:631-632 and breach of contract. *R. 1.* While Plaintiff never specifically alleged in his Complaint that he was seeking conditional certification "on behalf of a class of similarly situated persons," his Complaint stated:

> Plaintiff hereby seeks certification of a collective pursuant to 29 U.S.C. § 216(b), consisting of:
>
> All employees of Legend Mining Inc., and Legend Mining USA, Inc., within the United states of America, who worked within the tree years prior to the filing of this Complaint and were not paid overtime

---

[1] While Defendants do not dispute that Plaintiff worked in Iberia Parish, they dispute that Legend Mining, Inc. is a proper named defendant because Plaintiff was employed only by Legend Mining USA, Inc., the subsidiary company. *R. 8, ¶¶ 8-12.* Defendants represent that Legend Mining, Inc. is a Canadian corporation domiciled in Canada.

premiums consisting of one and a half times their regular rate under the FLSA.

*R. 1, ¶ 33.* Paragraph 34 states, "plaintiff and the members of the collective have been injured in an amount to be proven at trial." *Id. at ¶ 34.*

In the instant motion, Plaintiff moves to conditionally certify a collective action under 29 U.S.C. § 207 of the FLSA. Plaintiff contends his Contract Remuneration provision "clearly states" that overtime calculations must be based solely on Kaesemeyer's "base hourly rate" – the $24.00 per hour – and that the set site bonus is not included in calculating the overtime premium. *R. 10, p. 2.* Thus, he contends he was to be paid $44 per hour – a $24 per hour "base rate," plus a guaranteed $20 per hour "site bonus." Plaintiff alleges that Defendants, however, calculated his overtime premium based only on the $24 hour base rate, and did not include the $20 per hour site bonus in the time-and-a-half overtime calculation.[2] Plaintiff alleges this is a violation of Section 7 of the FLSA, 29 U.S.C. § 207, which requires that overtime premiums include all compensation within an employee's "regular rate." Plaintiff asks this Court to certify a collective action of all other employees of Legend Mining USA, Inc., and Legend Mining, Inc., who were subject to similar allegedly unlawful overtime calculations.

---

[2] Plaintiff alleges he never received a pay check from Legend. He does not indicate the basis for his knowledge that Legend failed to pay him overtime.

## II. Applicable Legal Standard

The Fair Labor Standards Act ("FLSA") requires covered employers to pay non-exempt employees for hours they have worked in excess of the defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) creates a cause of action for employees against employers violating the overtime compensation requirements. 29 U.S.C. § 216(b). Section 216(b) provides:

> An action ... may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Thus, unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under § 216(b) provides for a procedure to "opt-in," rather than "opt-out." *Roussell v. Brinker Int'l, Inc.*, 441 Fed.Appx. 222, 225 (5th Cir.2011) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir.2008)). District courts have discretion in deciding whether and how to provide "timely, accurate, and informative" notice to prospective plaintiffs. *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

The FLSA permits employees to maintain an action on behalf of themselves and others similarly situated, provided that the similarly situated employees only become plaintiffs if they opt-in to the litigation in writing. 29 U.S.C. § 216(b);

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), overruled on other grounds by *Desert Palace v. Costa*, 539 U.S. 90 (2003). To determine whether to certify a collective action and thus send notice of the suit to potential opt-in plaintiffs, the majority of federal courts follow the two-step approach developed in *Lusardi v. Xerox Corporation*, 118 F.R.D. 351 (D.N.J. 1987). *See Mooney*, 54 F.3d at 1213-14. "Under *Lusardi*, the trial court approaches the 'similarly situated' inquiry via a two-step analysis." *Mooney*, 54 F.3d at 1213. The first step occurs at the notice stage. *Id*.

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *Mooney*, 54 F.3d at 1216. The first *Lusardi* step is to decide whether to issue notice to potential class members. *See id.* at 1213–14. At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir.2010). The court's decision at this stage is often based only on the pleadings and any affidavits that have been submitted. *Id*. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt-in.

*Mooney*, 54 F.3d at 1214. However, even this lenient standard requires substantial allegations that potential members "were together the victims of a single decision, policy, or plan...." *See id.* at 1214 n. 8.

At this stage, the district court decides whether notice should be sent to potential class members. *Id.* To conditionally certify the class and have notice sent, the plaintiff must sufficiently establish that similarly situated potential plaintiffs exist by putting forth "substantial allegations showing putative class members were together the victims of a single decision, policy or plan infected by discrimination." *Stiles v. FFE Transp. Servs, Inc.*, 2010 WL 935469, at *2 (N. D Tex. Mar. 15, 2010) (quoting *Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842, at *2 (N.D. Tex. Oct. 7, 2004)). Due to the limited evidence available at this stage of the litigation, courts usually employ a "fairly lenient standard" that typically results in conditional certification of a representative class. *Mooney*, 54 F.3d at 1214. *See also Stiles*, 2010 WL 935469 at *2. Yet, "[w]hile the standard at this stage is not particularly stringent, it is by no means automatic." *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1213 (11th Cir. 2001)).

Courts typically base their decision whether to conditionally certify the action on the pleadings and any affidavits that have been submitted. *Mooney*, 54

F.3d at 1213-14. However, they also "look to such factors as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a wide spread discriminatory plan was submitted." *Stiles*, 2010 WL 935469 at *2. As a practical matter, most district courts in this Circuit "require some factual basis to the plaintiff's allegations that a collective actions is warranted before granting notice and conditional certification." *Simmons v. T-Mobile USA, Inc.*, 2007 WL 210008, at * 4 (S.D. Tex. Jan. 24, 2007). "Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *Jones v. Yale Enf't Servs., Inc.*, 2015 WL 3936135, at *1 (E.D. La. June 26, 2015) (quoting *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)).

### III. Analysis

In this case, Plaintiff claims he has satisfied the lenient standard for conditional certification on behalf of a class of similarly situated persons. Plaintiff seeks certification with respect to "all employees of Legend Mining Inc., and Legend Mining USA, Inc., within the United States of America" . . . "who were not paid overtime premiums." *R. 1, ¶ 33*. Except for these allegations in his Complaint and his employment contract attached to the Complaint, Plaintiff has provided no affidavit or declaration in support of his request for certification as to any other

7

class members, the name or identity of any person who may be "similarly situated," or *any* evidence of a wide spread discriminatory plan.

Legend maintains that these declarations are insufficient to carry Plaintiff's evidentiary burden for two reasons. First, Legend argues that Plaintiff failed to meet his burden to establish that a class should be conditionally certified and notice authorized because he presents no evidence that any similarly situated individual exists. Second, Legend opposes the putative class on the grounds that it is overly broad in scope. Legend argues that Plaintiff's failure to base the proposed class notice on job description or any other job characteristics, such as duties or pay, is overly broad and overly vague as it in no way identifies "similarly situated" employees. Legend contends there are "many levels of careers" offered to its employees and all of these contain "distinct job descriptions, hourly requirements, salary and bonus structures." *R. 13, p. 6.* Legend maintains that Plaintiff has failed to satisfy his burden of the first part of the "notice stage" standard, and therefore his motion should be denied.

At this stage, the Court must determine whether Plaintiff has satisfied his burden to demonstrate that conditional class certification is proper. In the notice stage, a court will customarily make a decision "based only on the pleadings and any affidavits which have been submitted." *Mooney*, 54 F.3d at 1213–14. To

facilitate the analysis, the Court evaluates the request for conditional certification in light of the evidence and factors discussed above. *See Mahoney*, 2011 WL 4458513 at *3; *Aguirre v. SBC Comm., Inc.*, 2006 WL 964554, at *5 (S.D.Tex. April 11, 2006). Plaintiff does not satisfy the lenient standard for conditional certification, as demonstrated by the lack of "substantial allegations" in his Complaint and his failure to submit any affidavit or declaration regarding potential plaintiffs and/or evidence of a wide spread discriminatory plan.

In summary, Plaintiff has failed to identify any other potential plaintiffs, failed to obtain affidavits from any potential plaintiffs, and failed to provide evidentiary support for the existence of a widespread plan or policy. Plaintiff's Complaint and employment contract do not provide support for his claim that similarly situated individuals exist, leaving Plaintiff with only unsupported and minimal allegations that Legend violated the FLSA such that it affected all employees at Legend. Such bare allegations are insufficient to support conditional certification. *See Xavier v. Belfor USA Group, Inc.*, 585 F. Supp. 2d 873, 877 (E.D. La. 2008) ("[A]t least some evidence beyond unsupported factual assertions of a single decision, policy, or plan should be presented.")

The Court finds that Plaintiff has failed to show that a collective action should be conditionally certified and notice issued. *See Bursell v. Tommy's Seafood*

*Steakhouse*, 2006 WL 3227334 (S.D.Tex. Nov. 3, 2006) (authorizing conditional certification and notice to potential plaintiffs based on the submission of affidavits). Under *Lusardi's* lenient standard, the relevant inquiry for the Court is whether Plaintiff has sufficiently shown that other current and former employees of Legend "were together the victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214, n. 8.

This Court has a "responsibility to refrain from stirring up unwarranted litigation" and to avoid unduly burdening employers with "frivolous fishing expedition[s]." *Lima*, 493 F. Supp. 2d at 799 (quoting *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007)). Thus, despite the lenient standard applied to requests for conditional certification, this Court is bound to conclude that Plaintiff has failed to establish the existence of similarly situated employees. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Conditionally Certify FLSA Collective Action [Rec. Doc. 10] is **DENIED** as set forth in this Order.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 26th day of March, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE