## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ 1

TABLE OF AUTHORITIES ................................................................................................. 2

INTRODUCTION ..................................................................................................................3

FACTUAL BACKGROUND .................................................................................................6

LEGAL STANDARD .............................................................................................................8

LEGAL ARGUMENT ..........................................................................................................10

    I.       Plaintiff Has Failed to Satisfy the Fairly Lenient Legal Standard for
            Conditional Certification of an FLSA Collective Action, as Plaintiff Still Fails to
            Satisfy the "Similarly Situated" Requirement ...........................................................10

    II.      Alternatively, If Certification is Granted, Defendants Request that the
            Proposed Notice Only be for Construction Miners Working in Louisiana, or
            At Weeks Island Sale Mine................................................................................15

    III.     Alternative, if this Court Grants Certification and Rejects the Geography
            Requirement, the Putative Class Should be Limited to "Construction Miners............18

    IV.     If Certification is Granted, the Proposed Method of Notice Herein Should
            be Greatly Reduced, as to the Proposed Method of Delivery Notice .........................19

CONCLUSION......................................................................................................................20

CERTIFICATE OF SERVICE ............................................................................................21

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES:</u>

*Acevedo v. Allsup's Convenience Stores, Inc*., 600 F.3d 516, 519 (5th Cir. 2010)........................10

*Austin v. Onward,* 161 F.Supp.3d 457 (S.D.Tx. 12/21/2015)..............................................13, 14, 16

*Basco v. Wal-Mart Stores, Inc*., 2004 WL 1497709 (E.D. La. 7/2/2004) ...........6, 9, 10, 11, 13, 16

*Bridges v. Absolute Lawn Care LA*, LLC, 2016 WL 6440326 (E.D.La. 11/01/2016) ...........11, 16

*Chapman v. LHC Group, Inc*., 126 F.Supp.3d 711 (E.D.La. 8/27/2015) ......................................17

*Farrow v. Ammari of Louisiana, Ltd*., 2016 WL 3020901, at *2 (E.D.La. 5/26/2016).................12

*Freeman v. Wal-Mart Stores, Inc*., 256 F.Supp.2d 941(W.D. Ark. 2003) ..............................13, 16

*Green v. Plantation of Louisiana,* 2010 WL 5256354 (W.D.La.11/24/2010)........................14, 16

*Johnson v. Big Lot Stores*, 561 F.Supp.2d 567 (E.D.La. 6/20/2008)..............................................19

*Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987)*.....................................................6, 9 10, 11

*Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir. 1995) ....................................................5, 9

*Nieddu v. Lifetime Fitness*, Inc., 977 F.Supp.2d 686, 691 (S.D.Tx. 9/30/2013)......................9, 12

*Richard v. Flower Foods*, 222 F.Supp.3d 516, 521 (W.D.La. 11/28/2016) ...................................9

*Ross v. Southwest Louisiana Hosp. Ass'n.,* 2013 WL 1818331 (W.D.La. 4/29/2013)........9, 13, 17

*Smith v. Manhattan Management Co*., 2015 WL 4097267, at *4 (E.D.La. 7/7/2015) ............16, 17

*Shushan v. University of Colorado, 132 F.R.D. 263 (D. Colo. 1990)*.............................................9

*Stiles v. FFE Transp. Servs, Inc.,* 2010 WL 935469 (N. D. Tex. Mar. 15, 2010)..............................7

*Venable v. Schlumberger Limited* (Schlumberger N.V.), 2017 WL 2870400, at *6 (W.D.La. 5/5/2017)...............................................................................................................21

### <u>STATUTES & REGULATIONS:</u>

29 U.S.C. 207(e) ...............................................................................................................................8

Fair Labor Standards Act of 1938 (or "FLSA"), as codified by
29 U.S.C.A. §201 .................................................................................4, 6, 9, 11, 12, 13, 14,18, 19

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA, LAFAYETTE DIVISION

| | |
|---|---|
| DANIEL KAESEMEYER | CIVIL ACTION NO. 17-01520 |
| VERSUS | JUDGE:   Unassigned District Judge |
| LEGEND MINING U S A INC. et al | MAGISTRATE:  WHITEHURST |

**************************************************************************

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
### RENEWED MOTION TO CERTIFY COLLECTIVE

**MAY IT PLEASE THE COURT:**

Defendants, Legend Mining USA, Inc., and Legend Mining, Inc., (collectively, "Defendants"), through undersigned counsel, submit this Memorandum in Opposition to Plaintiff's, Daniel Kaesemeyer, Renewed Motion to Certify Collective (hereinafter, "Renewed Motion"). For the following reasons, Plaintiff's Renewed Motion to Certify Collective should be denied. Alternatively, for the following reasons Plaintiff's Renewed Motion to Certify Collective should be denied in part, and reduced in scope, for the reason that the proposed notice is overly broad and unduly vague. Finally, Plaintiff's proposed methods of notice should be reduced in scope for the reason that notice by every possible method of communication is overly broad and prejudicial to Defendants.

### INTRODUCTION

On November 17, 2017, Daniel Kaesemeyer, Plaintiff herein, filed a Collective Action Complaint and Demand (the "Collective Action") against Defendants alleging that "[d]efendants have not paid Plaintiff any of the wages due to him, including minimum wage or overtime" in violation of the Fair Labor Standards Act of 1938 (or "FLSA"), as codified by 29 U.S.C.A §201,

*et seq.*  On January 17, 2018, Defendants filed an Answer, denying the crux of the allegations contained in the Collective Action. In the Answer, Defendants maintain that at all times during the alleged dispute herein, Plaintiff's business relationship was with Legend Mining USA Inc., the wholly owned United States subsidiary of Legend Mining Inc., the parent company, located in Canada.

On January 17, 2018, Plaintiff filed an initial Motion to Certify Collective, together with a Memorandum In Support of Motion to Certify Collective ("Plaintiff's Original Memorandum"), specifically praying for this Honorable Court to conditionally certify a class of all of Defendants' employees.

On March 26, 2018, the Court denied Plaintiff's Motion to Certify Collective. In the Honorable Carol B. Whitehurst's written reasons for judgment, she recognized, "[plaintiff] has provided no affidavit or declaration in support of his request for certification as to any class members, the name or identify of any person who may be "similarly situated," or any evidence of a widespread discriminatory plan."[1] The Court reasoned, "in the notice stage, a court will customarily make a decision "based on the pleadings and any affidavits which have been submitted."[2]

On July 13, 2018, Plaintiff filed the instant Renewed Motion to Certify Collective, together with a Memorandum In Support Of Renewed Motion To Certify Collective (hereinafter, "Renewed Motion Memorandum"). In the Renewed Motion to Certify Collective, the proposed collective now includes the overly broad group of:

> "[a]ll employees of Legend Mining, Inc., and Legend Mining USA, Inc., within the United States of America, who worked within the three years prior to the filing of the

---

[1] 3/26/2018 Order, p. 8
[2] 3/26/2018 Order, p. 8, Citing *Mooney*, at 1213-14.

Complaint, and who received site bonuses which were not included when calculating the overtime premium rate."[3]

Further, in Plaintiff's Renewed Motion Memorandum, Plaintiff requests that notice be submitted to members by Mail, E-mail, and Text Message Communication, as well as by "posting notice" in all conspicuous locations at Defendants' work facilities.[4]

Plaintiff requests that the proposed text message read:

"[i]f you worked for Legend Mining from November 2014 to present, you may be able to join a lawsuit claiming back pay. For information about the case, including how to join, call the workers' attorneys at 504-267-0777."[5]

Finally, in Plaintiff's Renewed Motion Memorandum, Plaintiff again proposes that Defendants be ordered to disclose the contact information, and dates of employment for all potential members of the collective on an expedited basis.

While Defendants appreciate the legal right of a Plaintiff to send notice to potential members of a collective action, Defendants submit that Plaintiff has still failed to meet the fairly lenient burden required of Plaintiff to conditionally certify a class. Plaintiff has improperly submitted evidence of a corporate policy[6], attached to a self-serving Affidavit of the Plaintiff's attorney, and has yet to submit evidence to this Court of any "similarly-situated" employees, or request a proposed notice be issued to same.

Alternatively, Plaintiff's proposed notice, and methods of proposed notice, are overly broad and in direct contradiction to the type of notice for potential members the FLSA and its

---

[3] Plaintiff's Renewed Motion To Certify Collective

[4] Plaintiff's Memorandum in Support of Renewed Motion to Certify Collective, p. 11 & p. 12.

[5] Plaintiff's Memorandum in Support of Support of Renewed Motion to Certify Collective, p. 12.

[6] The evidence is a "Corporate Policy" attached to a self-serving Affidavit of Plaintiff's attorney. The law is clear that the Court often looks to pleadings and affidavits at this stage of the *Lusardi* approach. The proper way for Plaintiff to have introduced this into the Court would be through an Amended Complaint. See, *Basco v. Wal-Mart Stores, Inc.*, 2004 WL 1497709 (E.D. La. 7/2/2004)(Not reported in F.Supp. 2d).

progeny intended to reach when prescribing the standards of class certification and the requisite notice thereof. The Court should not be expected to extend its powers to Plaintiff to stir up more litigation, where no "similarly situated" additional similar class members may exist, where Plaintiff has failed to propose a geographical limitation with any reasonable particularity, and where no potential members have expressed an interest in entering this frivolous litigation. Plaintiff has made two attempts to meet this lenient burden and twice he has failed to submit any competent evidence in this regard.[7]

Notwithstanding the foregoing, if this Honorable Court now determines that conditional certification is appropriate, based upon discovery questionably introduced into the Renewed Motion Memorandum, any such certification and notice thereof should be limited in scope, and significantly more narrow than the Proposed Notice that Plaintiff has requested of this Court, and should solely be limited to Construction Miners employed, or currently employed by, Legend Mining USA, Inc., who worked within the three years prior to filing the Complaint, who worked in Louisiana, and who received site bonuses pursuant to an employment contract.

### FACTUAL BACKGROUND

Legend Mining USA, Inc., Defendant herein, is a United States mining focused contracting company based out of Nevada, with a license to do business in Louisiana. Legend Mining USA, Inc., is the wholly owned subsidiary of Legend Mining, Inc., a Canadian corporation domiciled in Canada. At both Legend Mining USA, Inc., and Legend Mining, Inc., a multitude of services are

---

[7] The only evidence Plaintiff submits in support of his Renewed Motion to Certify Collective is a discovery response does not identify a single "similarly situated" potential class member who has expressed an interest in entering this litigation. The only affidavit submitted by Plaintiff is that of his attorney, which is not the type of evidence of a widespread discriminatory plan envisioned by *Stiles v. FFE Transp. Servs, Inc.,* 2010 WL 935469 at *2 (N. D. Tex. Mar. 15, 2010).

offered such as Design Management, Mining and Mine Development, Shaft Sinking, Construction, and Custom Fabrication. Among these divisions, there are many levels of careers offered to Legend Mining USA Inc.'s employees, including, but not limited to: shaft miners; supervisors; safety coordinator; superintendent; assistant superintendent; mechanics; welders; electricians; and a multitude of other service providers. Each of these divisions has administrative and support staff. All of these positions contain distinct job descriptions, hourly requirements, salary and bonus structures, as well as educational and experience requirements. In addition to the multitude of positions offered at these mining companies, Defendants have location sites and projects located throughout the United States, and Canada, as well as several other countries.

On July 8, 2017, Plaintiff was offered an Employment Contract for the position of Construction Miner, to take place at the K+S Morton Salt Mine in Weeks Island, Louisiana. In the job description, it was represented to Plaintiff that, among other things, he would be responsible for reporting to the Mining Supervisor, and setting up and operating drills and drilling machines, operating mining machinery, installing and pouring concrete, erecting steel, scaling, and drilling. In consideration for these duties, Plaintiff was offered "[a]n hourly base rate of US $24.00/hr," with an additional "100% of set site bonus" (the "Set Site" bonus), and overtime compensation to be based on Plaintiff's "hourly rate after 40 hours worked per week." At Legend Mining USA, Inc., a "set-site" bonus is done on a production basis for an amount of work actually performed, and does not include work not performed, such as hours obtained for training, and other non-performance based incentives. Defendants maintain that this Set Site bonus, is a bonus as defined by 29 U.S.C. 207(e), and thus, not a "regular rate," entitled to overtime.

Now, at issue in Plaintiff's Complaint, is Plaintiff's allegation that Defendants improperly calculated Plaintiff's overtime, in that, Defendants only paid Plaintiff overtime based on the hourly

rate of $24.00/hour, whereas Defendants were obligated to pay Plaintiff overtime based on the hourly rate, in addition to the compensation "owed" to Plaintiff under his "set-site" bonus. Plaintiff seeks, for the second time, to certify a collective of all employees, or former employees of Defendants, who might have been subject to the same alleged miscalculation.

## LEGAL STANDARD

The Fifth Circuit has recognized two methods by which a court can approve an FLSA collective action, but has not expressly adopted either as the proper method to certify a FLSA action. *Ross v. Southwest Louisiana Hosp. Ass'n.,* 2013 WL 1818331 (W.D.La. 4/29/2013). These two methods are known as "the two-step Lusardi approach" and "the class-action based *Shushan v. University of Colorado, 132 F.R.D. 263 (D. Colo. 1990)* approach." *Richard v. Flower Foods*, 222 F.Supp.3d 516, 521 (W.D.La. 11/28/2016). The two-step *Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987)* approach has been recognized by the Fifth Circuit in the quintessential case, *Mooney v. Aramco Services Co.,* 54 F.3d 1207 (5th Cir. 1995). In his Renewed Motion Memorandum, Plaintiff has chosen to proceed with certification under the two-step *Lusardi* approach.[8]

The two-step *Lusardi* approach, as clarified by the Western District in *Ross v. Louisiana Hosp. Ass'N*, cited infra, is as follows:

> In the first step, commonly referred to as the **"notice stage"**, "the district court makes a decision-usually based **only on the pleadings and affidavits which have been submitted-whether notice should be given to potential class members**." The second stage is normally precipitated by a motion to

---

[8] Defendants would like to point out that the Notice Stage may not be appropriate once discovery has commenced in an action, such as the one before this Court. See *Basco v. Wal-Mart Stores, Inc.*, cited herein. See also, *Nieddu v. Lifetime Fitness, Inc*, cited herein ("A number of courts have held that if substantial discovery occurs before the first, conditional certification stage, the court may bypass the first stage and proceed directly to the second stage of certification analysis. Nevertheless, Defendants submit that the Proposed Notice, as written, will not pass muster under either stage.

decertify the class filed by the defendant upon substantial completion of discovery, in which the court conducts a more searching inquiry on the numerosity, commonality, typicality, and representativeness of the parties. *Id*.

In discussing the "notice stage", the Western District further elaborated:

> Under *Lusardi*, **the plaintiff bears the burden of making a preliminary factual showing that at least a few similarly situated individuals exist**. While the burden imposed is not particularly heavy, conditional certification is by no means automatic. While a plaintiff need only demonstrate a reasonable basis for the allegation that a class of similarly situated persons may exist, at least some evidence beyond unsupported factual assertions of a single decision, policy, or plan must be presented. Otherwise, the plaintiff's motion must be denied.

"At the notice stage, the district court determines whether the putative class members' claims are **sufficiently similar** to merit sending notice of the action to possible members of the class." *Id.* (Quoting *Acevedo v. Allsup's Convenience Stores, Inc*., 600 F.3d 516, 519 (5th Cir. 2010). "The court's decision at this stage is often based only on the pleadings and any affidavits that have been submitted." *Id.* "**Because the court has minimal evidence**[9], this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt-in." *Id.* "Plaintiffs bear the burden of establishing that they are similarly situated to the proposed class." *Basco v. Wal-Mart Stores, Inc*., 2004 WL 1497709 (E.D. La. 7/2/2004)(Not reported in F.Supp. 2d).

---

[9] Again, the purpose of the fairly lenient standard is because of the nature of the limited evidence. Plaintiff has improperly attached an Affidavit of his attorney attesting to the veracity of documents he received through the course of what turned out to be a very lengthy discovery process, as admitted in his own Renewed Motion Memorandum.

## LEGAL ARGUMENT

I.    **Plaintiff Has Failed to Satisfy the Fairly Lenient Legal Standard for Conditional Certification of an FLSA Collective Action, as Plaintiff Still Fails to Satisfy the "Similarly Situated" Requirement.**

Plaintiff has still failed to satisfy the minimum requirements of what is required for conditional certification of an FLSA Collective Action. Plaintiff has yet to request that this Court certify a collective of "similarly situated" employees, as required by the law. The Proposed Notice, is still overly broad, as it requests that this Court certify a collective of "all employees of Legend Mining Inc., and Legend Mining USA, Inc."

In his Renewed Motion Memorandum, Plaintiff now presents "evidence"[10] of a "corporate policy," which Plaintiff asks this Court to believe now "makes it clear that the very practices at issue here are, in fact, promulgated on a company-wide basis and therefore are not 'unique to plaintiff.'" Plaintiff has disingenuously presented to this Court that "the only question before the Court is whether there is a 'substantial allegation' that the Plaintiff, and the members of the proposed, were subject to common decision or plan which is alleged to be unlawful."[11] This is not the law.  Plaintiff must still show that employees of a proposed collective are "similarly situated," which he has failed to do.

While the "lenient standard applied during the initial notice stage under *Lusardi* appears to require substantial allegations that potential members were together the victims of a single

---

[10] The evidence is a "Corporate Policy" attached to a self-serving Affidavit of Plaintiff's attorney. The law is clear that the Court generally only looks at pleadings and Affidavits at this stage of the *Lusardi* approach. The proper way for Plaintiff to have introduced this into the Court would be through an Amended Complaint. See, *Basco v. Wal-Mart Stores, Inc.*, 2004 WL 1497709 (E.D. La. 7/2/2004)(Not reported in F.Supp. 2d). Further, in a case relied upon by Plaintiff, *Bridges v. Absolute Lawn Care LA*, LLC, 2016 WL 6440326 (E.D.La. 11/01/2016), the Court held that during the notice stage "this determination is usually made on the basis of only…the pleadings and any affidavits."
[11] Plaintiff's Renewed Motion Memorandum, Pp.9

decision, policy, or plan ... the class representative and the putative class members **must also be similarly situated** with respect to their job requirements and with regard to their pay provisions; their positions need not be identical but similar." *Nieddu v. Lifetime Fitness*, Inc., 977 F.Supp.2d 686, 691 (S.D.Tx. 9/30/2013). In *Nieddu*, the Court denied conditional class certification where a group of hair stylists were not "similarly situated," **and** not subject to a specific policy, for the reason that they had different pay, schedules, reporting structure, and job title based on level of experience.  Plaintiff has still failed to meet his fairly lenient burden, as he has failed to identify a single "similarly situated" individual additionally affected by this policy, affidavit of same, or proof of their willingness to participate in this litigation.

In *Farrow v. Ammari of Louisiana, Ltd*., 2016 WL 3020901, at *2 (E.D.La. 5/26/2016). the Court, denied the plaintiff's, a female restaurant employee, Motion to Conditionally Certify a class of waiters, who alleged entitlement to a Collective Action under the FLSA for the reason that the defendant restaurant had a policy of unlawfully deducting wages from its employees, and improperly calculating overtime compensation. In *Farrow*, the plaintiff in her Motion to Certify the Collective Action, only made overly broad allegations that defendant violated her and "roughly fifty other employees" FLSA rights. Attached to her Motion, plaintiff included a self-serving Affidavit whereby she attested to the fact that she had knowledge of "[d]efendant's illegal business practices and other affected employees." Further, the plaintiff submitted her paystubs from her paychecks at one of defendant's restaurants. The Court held that this pleading, together with plaintiff's self-serving Affidavit, and the paystubs of one employee at one single restaurant, were insufficient to meet even the "fairly lenient" burden of identifying similarly aggrieved employees. Despite plaintiff submitting evidence of a policy, plaintiff's motion was denied for failure to identify similarly situated employees.

In *Basco v. Wal-Mart Stores, Inc*., cited herein, the Court rejected a proposed certification of a class of all Wal-Mart employees located in Louisiana. While the Plaintiffs submitted evidence of an alleged policy or practice of Wal-Mart that violated the FLSA, the Court held that, even if taken as true, this was not enough. In rejecting the proposed certification, for failure of the plaintiffs to be 'similarly situated,' the Court reasoned, "[t]he members of the proposed class come from different departments, groups, organizations, sub-organizations, units and local offices within the Wal-Mart organization. The potential opt-in plaintiffs performed different jobs at different geographic locations and were subject to different managerial requirements, which occurred at various times as a result of various decisions by different supervisors made on a decentralized employee-by-employee basis. This case should not be certified; it would be an exercise in gross mismanagement of judicial and litigant time and money to certify the class as requested given the overwhelming evidence brought before the court." *Id*, at **8.** See also *Freeman v. Wal-Mart Stores, Inc*., 256 F.Supp.2d 941(W.D. Ark. 2003)(Court rejected an attempt to certify a class of all employees below officer-level that were classified as "salaried employees." Court rejected argument that they are similarly situated because they claim to be victims of the same violation of law. "In order for this Court to conclude that Plaintiff is similarly situated to the proposed class and/or that all claims have common questions of fact and are typical of one another, it is necessary to make a preliminary determination that Plaintiff's duties are generally comparable to those he seeks to represent").

In *Austin v. Onward*, the Court denied the plaintiff's attempts to certify a class of "[a]ll current and former employees of Onward, LLC who: [w]orked offshore on oil drilling and production rigs, owned and/or operated by Onward's customers, performing consulting services to Onward's customers at any time in the period from February 2012 to the present; and [w]ere paid

a daily or hourly rate of pay for their services." 161 F.Supp.3d 457 (S.D.Tx. 12/21/2015).   In *Austin*, the defendant opposed the potential class on the grounds that it was "overly broad." The Court agreed, as Austin was unable to identify any employees, other than himself, that were similarly situated and potentially aggrieved the same. Even in his affidavits, he offered no proof of the alleged potential employees or their "privileged" names. The Court reasoned, "the potential class of plaintiffs are considered 'similarly situated' to the named plaintiff if they are 'similarly situated' with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar." *Id.* at 464. As the plaintiff was unable to meet even this lenient requirement, his motion for conditional certification was denied, as "the affidavits from Austin and his attorney do not describe common or similar job responsibilities of the putative class members or provide any other factual sufficient basis for the Court to conclude that a collective action should be certified." *Id.* at 465.

In *Green v. Plantation of Louisiana,* 2010 WL 5256354 (W.D.La.11/24/2010)(Only the Westlaw citation is currently available), again cited by Plaintiff[12], the District Court for the Western District of Louisiana, denied the plaintiffs' attempt to certify all employees of defendant's Gentlemen's Club, for an improper "wage" scheme policy, for the reason that plaintiffs failed to show how all employees of the defendant were "similarly situated," or had similar "job-duties," as described by the requirements of the "notice" stage for certification under the FLSA. In *Green*, a group of exotic dancers filed suit against the defendant, a gentlemen's club, attempting to certify a class of "all individuals, who at any time during the relevant time period, worked as an exotic dancer and/or shot girl and/or other positions at the Plantation Club, but were designated as an

---

[12] Plaintiff relies on *Green* in both his Original Motion Memorandum and his Renewed Motion Memorandum.

independent contractor…" *Id.* at *1. This proposed notice included notice to all waitresses, bounders, doormen, and bartenders as well. The Court rejected conditional certification for all employees other than the lone class of exotic dancer employees. The Court stated that to be "similarly situated," the proposed employees must have similar job duties and pay schemes. The Court reasoned that there was no legal nexus binding a dancer to a bartender, and "individualized legal determinations specific to each of the plaintiff's job classifications predominate over collective concerns." *Id.* at *8. In determining that the putative class members are not similarly situated, the Court reasoned "the job duties and pay arrangements among potential class members vary significantly; each job classification has distinct duties and responsibilities and each job classification is subject to unique and differing pay practices." *Id.*

Again, the employees at Legend Mining, Inc. and Legend Mining USA., Inc., all have very different job titles, which encompass different duties and entirely different pay schemes, including whether or not an employee is exempt versus non-exempt entitling them to overtime, and whether or not an employee will be compensated an additional bonus based on performance, such as the Plaintiff herein. The request to include all employees at Legend Mining, Inc., and Legend Mining USA, Inc., is overly broad, and unduly burdensome, and does not fit into the fairly lenient standard required for class certification.

Nowhere in Plaintiff's Motion, or Renewed Motion Memorandum, does Plaintiff even remotely request that the proposed notice be sent to "Construction Miners" or those employees working in Louisiana, or at the Weeks Island salt mine, similarly situated to Plaintiff. **Noticeably absent from Plaintiff's Renewed Motion, and Renewed Motion Memorandum, is Plaintiff's ability to identify similarly situated employees based on job description or job duties.** Plaintiff again has failed to present affidavits of similarly situated employees, or to show a willingness of

any employee to participate in this litigation. The Plaintiffs in *Austin*, *Basco*, and *Green*, all submitted the names and/or identifying job duties of the potential opt-in plaintiffs that were aggrieved by the same allegedly unlawful policies of the defendants in these cases, and the Courts still denied certification. Further, in *Bridges v. Absolute Lawn Care LA, LLC*., 2016 WL 6440326 (E.D. La. 11/01/16) cited by Plaintiff in his Renewed Motion Memorandum, the multiple aggrieved plaintiffs, identified by name, had the same job title and duties, namely, "landscapers." *Id*, at *2.

Plaintiffs are not to be bound together in a collective action merely because they alleged they were subject to the same unlawful practice, despite Plaintiff's representations to the contrary.[13] They must also be "similarly situated." Plaintiff has again failed to identify "similarly situated employees," by job title, affidavit, or willingness to submit to litigation. As an alternate route, Plaintiff chooses to hyper focus on "all employees," and Plaintiff's Renewed Motion to Certify Collective should be denied accordingly.

## II.  Alternatively, if Certification is Granted, Defendants Request that the Proposed Notice Only be for Construction Miners Working in Louisiana, or at Weeks Island Salt Mine.

If this Court grants conditional certification to Plaintiff, Defendants request that this Honorable Court order Plaintiff to greatly reduce his Proposed Notice, to only include all "Construction Miners" of Legend Mining USA., Inc., who worked in Louisiana, or at Weeks Island Salt Mine, and were receiving a "set-site" bonus, per the terms of his/her employment contract.

"[I]n determining whether to grant conditional certification at the notice stage, courts must be conscious of their duty to "refrain from stirring up unwarranted litigation." *Smith v. Manhattan*

---

[13] Plaintiff's Renewed Motion Memorandum, Pp. 9. See *Freeman*, at 945. (Court rejected plaintiff's position that "the employees are similarly situated simply because they claim violations of the law by the same employer").

*Management Co.*, 2015 WL 4097267, at *4 (E.D.La. 7/7/2015). "Employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiffs at the defendants' expense." *Id*.

In *Ross v. Southwest Louisiana Hospital Association*, 2013 WL 1818331 (W.D.La. 4/29/2013)(Only the Westlaw Citation is Currently Available) this Court granted in part and denied in part the plaintiff's Motion to Certify a Collective Action, denying the proposed motion as written, for the reason that plaintiff's proposed language was "overly broad," and should be greatly reduced in scope as to employees and location for those potential "opt-in" employees. In *Ross*, the plaintiff, an employee of the Psychiatry Department at the defendant hospitals "Oak Park Campus," alleged that defendant shaved off hours of her overtime for a certain pay period. In filing a Motion to Certify a Class Action, the plaintiff employee requested that all employees, at defendant hospitals two main campuses, the ""Oak Park Campus" and the "Gauthier Campus", be notified of a potential class action for overtime and payroll error. In *Smith*, the Court reasoned that plaintiff requested a certification of an overly broad class, and limited the proposed notification and scope to only those current and former employees who worked in the Psychiatry Department at the Oak Park Campus for more hours than what was shown on their paystub, or at any time for more than forty hours in one week. Of major importance, was the fact that the Court refused to allow notice to include those employees located at the Gautier Campus.

In *Chapman v. LHC Group, Inc*., 126 F.Supp.3d 711 (E.D.La. 8/27/2015), the Court, on a Motion for Reconsideration limited the scope of putative class action brought against a home healthcare services company to only those office managers and personnel employees located in Louisiana. In *Chapman*, the plaintiff worked as an office manager for the defendant for fifteen years as an office manager for Ochsner Health Corp. in Covington, Louisiana, which was acquired

by the defendant, LHC. Plaintiff was a nonexempt employee, paid hourly, who alleges that she was instructed not to record any overtime hours in her time sheets, and was instructed to modify hours of other employees should they submit time sheets with overtime hours included. In instituting her FLSA collective action, the plaintiff filed a motion to certify a nationwide class of office managers, administrative personnel, and clinical technicians based on the allegations of the plaintiff and three other employees that they were instructed not to record more than 40 hours a week on their time sheets. The Court conditionally granted certification, and the defendant filed a motion for reconsideration. On reconsideration, the Court found "that reconsideration of the geographic scope of the putative class is warranted in this case." *Id.* at 724. Specifically, the plaintiff, cited "no legal authority supporting her argument that the location of company headquarters near the lead plaintiff is sufficient to support even the conditional certification of a FLSA class." *Id*. The Court looked at the fact that, in her pleading, the plaintiff had failed to allege that she worked at the company headquarters, or that any "similarly situated aggrieved individuals exist outside of Louisiana." *Id.* Accordingly, the Court granted the defendant's Motion for Reconsideration and limited the certification of the class to office managers and personnel located in Louisiana.

Here, if this Court grants the Plaintiff's Renewed Motion to Certify the Class, Defendants respectfully request that this Court Deny the proposed Notice to the extent it too is overly broad. To include a request for notice to all employees within the United States, which would encompass a multitude of job types, at all Defendants' United States locations, is certainly not the intended use of the statute and it's progeny. There is no way to include all Defendants' employees to promote the intended purpose of a Collective Action, that is, to resolve collectively all issues of

law and fact.[14] We are talking about a great number of employees, in different job positions, with different hours, duties, and pay. Some exempt, some non-exempt. Some located at salt mines, some located in office buildings.

Obviously, the job duties of a Construction Miner, such as Plaintiff, differ from that of a mechanic, welder, electrician, safety coordinator, superintendent, assistant superintendent, and administrative and support staff. Plaintiff has neither alleged, nor put forth any evidence, that, mechanics, welders, electricians, safety coordinators, superintendents, assistant superintendents, mechanics, and, administrative and support staff, are substantially similar to a Construction Miner such as Plaintiff.

Plaintiff has failed to allege or identify any similarly situated employees that exist, let alone similarly situated employees that exist outside of Louisiana. Defendants respectfully request, that, if this Court grants conditional certification, it modify the proposed notice to include, only those Construction Miners located in Louisiana, from February 1, 2015, until present and who signed a contract of employment containing a provision for "set-site" bonuses.

### III. Alternatively, if this Court Grants Certification and Rejects the Geography Requirement, the Putative Class Should be Limited to "Construction Miners."

As Defendants have consistently reiterated, there are a multitude of job titles and duties for employees of Defendants. Plaintiff has not submitted, and will not be able to submit, evidence to state otherwise. Accordingly, to include "all employees," in the Proposed Notice does not even remotely fit within the framework of the certification process for a collective action under the FLSA. Accordingly, and/or alternatively, if the Court finds that the notice may extend beyond

---

[14] *Johnson v. Big Lot Stores*, 561 F.Supp.2d 567 (E.D.La. 6/20/2008).

Louisiana, the Proposed Notice should, at a very minimum, be limited to "all Construction Miners" who received a set-site bonus pursuant to an employment contract.

**IV.     If Certification is Granted, the Proposed Method of Notice Herein Should be Greatly Reduced, as to the Proposed Method of Delivery of Notice**

As already represented to this Court, Plaintiff's proposed notice, and methods of notice, are inadequate as written and proposed, and if conditional certification is granted, such proposed methods of notification should be substantially modified. Mail, e-mail communication, text message communication, and "posting" notice in all of Defendants' locations is highly inappropriate, and greatly prejudicial to Defendants, in accordance with the facts alleged in this particular case. Of major significance, Defendants vehemently object to posting all notice at Defendants locations, where employees work. Plaintiff requests that this Court grant Plaintiff the opportunity to "post notice of the lawsuit at all facilities where potential members of the collective work, in easily visible locations." Collective Actions and conditional certifications thereof were not defined for attorneys to go on fishing expeditions, and create more litigation; they were designed to ensure the just, speedy, and efficient use of the Court's time and resources.

If the Court grants conditional certification, Defendants are comfortable providing proposed notice by U.S. Mail and either by email or text communication, provided that the text of the text communication be altered, as to how it is proposed in Plaintiff's Memorandum. Further, and only in the event that this Honorable Court requires Defendants to post notice, Defendants request that notice only be posted at locations in Louisiana.

Notwithstanding the foregoing, Defendants recognize this Court's position that "[w]hen considering the content of such a notice, courts often find that these issues are best resolved by mutual agreement of the parties," and "[s]hould they determine that any such disputes cannot be resolved without judicial guidance, it is recommended that the parties be ordered to contact the

20

undersigned Magistrate Judge for a conference to resolve any remaining sticking points." *Venable v. Schlumberger Limited* (Schlumberger N.V.), 2017 WL 2870400, at *6 (W.D.La. 5/5/2017). Accordingly, Defendants agree, that once this Honorable Court determines, for the second time, whether or not the class will be conditionally certified, and the extent of the language of the proposed notice for the certification, Defendants will try and settle the proposed notice with Plaintiff, prior to having this Court rule on all methods by which Plaintiff suggests notice be sent in his brief. Should the Court need to intervene, Defendants respectfully reserve their right to make such further arguments at the time of intervention.

## CONCLUSION

For the reasons stated more fully herein, Plaintiff has still failed to meet his lenient standard to conditionally certify a class of "similar" employees, as he has still failed to identify any "similarly situated" employees. Plaintiff's proposed notice of all employees within the United States, as written, is overly broad and unduly vague. Alternatively, if this Court finds that certification is granted, Defendants request that this Court greatly reduce Plaintiff's proposed notice to include only those Construction Miners located in Louisiana, and that the proposed method of delivery of notice be greatly reduced in scope as well. Finally, if this Court grants certification beyond Louisiana, the Defendants request, at a minimum, that the proposed notice only be for "construction miners."

Respectfully Submitted,

/s/ Douglas R. Kraus_____
Lisa Brener, La. Bar No.1809
Douglas R. Kraus, La. Bar No. 26668
3640 Magazine Street
New Orleans, Louisiana 70115
Telephone: (504) 302-7802
lbrener@brenerlawfirm.com
dkraus@brenerlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the clerk of court will transmit a Notice of Electronic Filing to the following ECF registrant:

Charles J. Stiegler,
Stiegler Law Firm LLC
318 Harrison Avenue, Suite 400
New Orleans, Louisiana 70124
Telephone: (504) 267-0777
*Charles@StieglerLawFirm.com*

/s/ Douglas R. Kraus
Douglas R. Kraus