# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**Kaesemeyer**                                    **Case No. 6:17-cv-01520**

**Versus**                                        **Unassigned District Judge**

**Legend Mining USA Inc et al**                   **Magistrate Judge Carol B. Whitehurst**

## ORDER

Before the Court is a Motion Challenging Designation filed by Plaintiff, Daniel Kaesemeyer, [Rec. Doc. 21] and a Memorandum in Opposition filed by Defendants, Legend Mining USA, Inc. ("Legend USA") and Legend Mining, Inc., [Rec. Doc. 29]. For the following reasons, the Motion is granted.

This action alleges that Defendants violated the Fair Labor Standards Act ("FLSA") by miscalculating the regular rate calculated when paying employees overtime. On May 22, 2018, Plaintiff filed a Motion For Protective Order consented to by Defendants in anticipation that discovery in this dispute would produce "Confidential Information." The Protective Order defined "Confidential Information" to include "research, technical, commercial or financial information that the party has maintained as confidential…" *R. 19, p. 1*. The Court issued the Protective Order on June 1, 2018. *R. 20.*

The Record provides that Defendants responded to discovery propounded by Plaintiff and produced excerpts ("Document") from the Legend Mining, Inc.

Employee Handbook USA. *R. 29, p. 4*. Defendants designated the Corporate Policy "confidential" thereby limiting Plaintiff's ability to file the Document in this action. Plaintiff contends that, nothing in the Document is confidential under the terms of the Protective Order and that the Corporate Policy is highly relevant to Plaintiff's claims. He specifically states that "the [D]ocument is clear proof of a nationwide corporate policy to miscalculate the regular rate under the FLSA." Plaintiff moves the Court to designate the Document related to Legend Mining, Inc.'s Corporate Policy as non-confidential.

In their Opposition Defendants represent that, in their response to discovery propounded by Plaintiff, they produced excerpts from the Legend USA's Employee Handbook. They contend the information was confidential because "it contains proprietary, sensitive and private information regarding the manner of Defendants' calculation and payment of bonuses." *R. 29, p. 4*. They further contend the Document is confidential because its public disclosure would place Defendants at a marked competitive disadvantage to their competitors. *Id.* Defendants state that upon declining to remove the confidential designation, they asked Plaintiff to file the exhibit under seal in accordance with the procedures set out in the Protective Order. Thereafter, Plaintiff filed the instant motion and submitted the challenged policy to this Court for *in camera* review.

Plaintiff contends that the Policy Documents at issue are "documents produced in litigation" and are therefore "presumptively public records" with a "presumption of openness." Defendants argue that the Documents are merely documents exchanged in pretrial discovery and therefore "are not public components of a civil trial" and are not open to the public at common law. *R. 29, p. 5.*

The decision whether to allow public access to court records is left to the "sound discretion of the trial court...to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). The exercise of that discretion is not unguided, however. "In determining whether to restrict the public's access to court documents, the court must 'weigh[ ] the interests advanced by the parties in light of the public interest and the duty of the courts'." *In re Violation of Rule 28(d)*, 635 F.3d 1352, 1357 (Fed. Cir. 2011) (quoting *Nixon*, 435 U.S. at 602)). And in making a decision as to whether to limit public access to court records, a judge must be cognizant of the fact that "[p]ublic access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." S.*E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir.1993) (alteration in original).

"The principles governing the sealing of court materials have been applied differently in different settings. Where the materials relate to dispositive issues in the case, the interest in disclosure is at its greatest. It is in that setting that the burden on the party seeking to bar disclosure is the heaviest, and moving party is accordingly required to make a compelling showing of particularized need to prevent disclosure. Where the materials relate to non-dispositive issues, the interest in disclosure is less compelling. In particular, the materials filed in connection with discovery disputes unrelated to the merits of the case have been identified as the kinds of court materials for which there is not a compelling need for public disclosure; the presumption of disclosure has therefore been held inapplicable in that setting. Finally, materials such as discovery that is exchanged between the parties and not made part of a court filing are typically not regarded as court materials at all and are therefore not subject to the public interest in open judicial proceedings." *Robroy Industries - Texas, LLC v. Thomas & Betts Corporation*, 2016 WL 325174, at *2 (E.D.Tex., 2016).

Here the Policy Document at issue, is related to the merits, was exchanged between the parties and has not yet been made part of a court record. However, as Defendants note, if used in Plaintiff's Renewed Motion To Certify Collective Action, the Document would be part of the judicial record if not sealed. Although the presumption of disclosure does not ordinarily extend to discovery motions and the materials submitted in connection with those motions, the district courts still

have an important role to play to protect the legitimate public interest in cases in which the parties seek to shield from view material which should not be sealed. "The public's right to inspect judicial records may not be evaded by a wholesale sealing of court papers. Instead, the district court must be sensitive to the rights of the public in determining whether any particular document, or class of documents, is appropriately filed under seal." *Id.*

*In camera* review of the Policy Document indicates the manner in which Defendants' employee site bonuses are calculated and paid—the very issue in this case. Defendants contend that public disclosure of the Document will result in specific prejudice and/or harm to Defendants. They explain that "Defendants operate in a small community of companies involved in salt mining, all of which draw employees from a limited pool of experienced, qualified miners… disclosure of Defendants' method for calculating and paying employee bonuses will put Defendants at a competitive disadvantage to the other salt mining companies which are vying to hire from the same limited pool of qualified persons and who can use that information to undermine Defendants' hires." *R. 29, p. 6; R. 31, Aff. of Roy Durr*. They analogize Plaintiff's request to that in *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, 1998 WL 186728, *1 (E.D.La.1998) in which the court granted a protective order where the judicial record contained sensitive and

proprietary financial information about individual dealerships that, which if unsealed, could cause commercial and competitive harm to such dealers.

Although Defendants' arguments are factors to consider in the balancing of interests, the Court finds that they are insufficient to overcome the public's common law right of access. *See Lawson v. Louisiana Eye Center of N.O.*, 1997 WL 375752, *1 (E.D.La.1997) (The motion to seal implicates the right to public access, and therefore, the First Amendment.). While the Policy Document at issue is not yet a judicial record, even in the event it is attached to a judicial record, it does not contain the same level of "financial information" in *Westside*. In addition, the Court notes that the parties' joint Protective Order is not sufficient to trump the public's presumptive right of access. *See Ramirez v. General Motors Corporation*, 1999 WL 1336087, *2 (S.D.Tex.1999).

Since the Court finds that the parties' reasons for sealing the record are insufficient to overcome the public's common law right of access, the Court denies the joint motion to seal.

THUS DONE AND SIGNED this 11th day of September, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE