# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Kaesemeyer | Civil Action No. 6:17-cv-01520 |
| versus | Judge Robert R Summerhays |
| Legend Mining USA Inc et al | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Joint Motion To Accept Settlement filed by Plaintiff, Daniel Kaesemeyer, on his own behalf and on behalf of the members of the collective, and Defendants, Legend Mining USA, Inc. and Legend Mining, Inc (collectively, "Legend Mining") [Rec. Doc. 56].

The parties reached a settlement in this case, which was conditionally certified as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. The parties filed the instant joint motion for court approval of their settlement agreement. [Rec. Doc. 56]. The parties also provided this Court with a copy of an Affidavit of Charles J. Stiegler, counsel for Plaintiff. Based on a review of the motion, Stiegler's Affidavit, the applicable law and jurisprudence, and for the following reasons, it is recommended that the joint motion for court approval of the parties' settlement agreement [Rec. Doc. 56] be granted.

## LAW AND ANALYSIS

"This Court must approve any settlement reached by the parties which resolves the claims in this action brought under Section 16(b) of the FLSA."[1] *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 717 (E.D. La. 2008). Generally, settlement is the preferred means of resolving litigation. *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910); *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 391-92 (5th Cir. 1984). Further, there is a "strong presumption" in favor of finding a settlement to be fair. *Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Before the Court may approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d at 719.

---

1 The parties contend that under *Martin v. Spring Break '83 Prod.*, 688 F.3d 247, 257 (5th Cir. 2012), in FLSA cases where parties, both represented by counsel, reach "a settlement of a bona fide dispute, which [the workers] accepted and were compensated for," as in this case, court approval of the settlement is not necessary. *R. 56, p. 3*. While this Court does not dispute the parties' contention, the district judge in this action ordered that the undersigned prepare a Report and Recommendation for the court to "approve any settlement between the parties." *R. 54*.

The instant action presents a bona fide dispute over FLSA provisions, including whether the plaintiffs can prove how many hours they actually worked, whether the plaintiffs were properly paid for overtime hours worked,[2] whether the defendants' alleged violations were made in good faith and on reasonable grounds, and whether the defendants' alleged FLSA violations were willful. The case was litigated for over a year and a half with discovery, motion practice, and meetings between counsel to review documents and discuss the merits of the claims.[3] The issues raised by the parties are sufficient for this Court to find that genuine uncertainty as to the outcome of the litigation existed for each side, and a bona fide dispute existed in this case.

In determining whether a settlement is fair, adequate, and reasonable, a court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).[4]

---

2  Defendants contended the "set site bonus" was an excludable bonus pursuant to 29 CFR § 778.298, *et seq.*
3  As Defendants are located in Canada, settlement was reached after numerous back-and-forth telephone conferences and emails between counsel and Plaintiff, Kaesemeyer.
4  *Reed* involved a class settlement under Title VII to the Civil Rights Act and section 1981, the Court was unable locate any Fifth Circuit jurisprudence in which the Fifth Circuit itself relied on the "*Reed* Test" in an FLSA case.

As part of the fairness determination, a court must also assess the reasonableness of any proposed award of attorneys' fees and expenses sought by the plaintiffs' counsel. *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998).

The affidavit confirms that the parties have agreed to a settlement which provided each Plaintiff with 100% of the unpaid overtime which he was allegedly owed, plus 25% of the calculated potential liquidated damages penalties. There is "a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Camp v. Progressive Corp.*, 2004 WL 2149079 at *7 (citing 4 *Newberg on Class Actions* § 11.51 (4th ed.) ). Since this case was filed in 2017, counsel for the parties have vigorously represented and advanced the positions of their clients by engaging in discovery and competently addressing the issues presented in this litigation. There was also significant motion practice, including an opposed motion for certification which was first denied and later granted on rehearing, as well as a motion to file late opt-in notices which was likewise disputed. Plaintiff Kaesemeyer was involved at every step of the settlement negotiations, and approved the ultimate settlement. After a settlement was reached, Individual Settlement Agreements and Releases were issued to each Plaintiff. No Plaintiff objected to the settlement. It is clear that the settlement was

4

arrived at by arms-length and good faith negotiations. Thus, the first factor favors approval of the settlement as fair, adequate, and reasonable.

With regard to the inquiries set forth in the second factor, the complexity, expense, and likely duration of the litigation, this FLSA action presented multiple complex legal issues which have been zealously litigated by experienced counsel, at significant expense. Had a settlement not been consummated, the Court is of the opinion that this case would likely have remained in litigation for a significant amount of time, in excess of at least one or two more years, including any appeal of any adverse judgment, causing the parties to incur significant additional expense. Accordingly, the second factor weighs in favor of finding that the settlement is fair, adequate, and reasonable.

The third factor, the stage of the proceedings and the amount of discovery completed, likewise supports a finding that the settlement is fair, adequate, and reasonable, and accordingly should be approved. This case has been pending for over one and a half years. During its pendency, the parties conducted discovery and motion practice as well as factual and legal investigations. Specifically, several substantive issues required formal discovery, independent investigation of the facts and law and examination of hundreds of pages of company policies and wage and time records. Settlement discussions began only after counsel for the parties

possessed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained through further litigation. Therefore, this factor weights in favor of settlement approval.

The fourth factor, the probability of the plaintiffs' success on the merits, also supports a finding that the settlement is fair, adequate, and reasonable. This case has been litigated by competent and experienced lawyers who enjoy great respect in their field from both sides of the aisle. Counsel for the plaintiffs has practiced exclusively in the field of labor and employment law since 2012 (FLSA and wage and hour claims), first for the national law firm of Proskauer Rose and, more recently, for his own firm. He has been named a Super Lawyers "Rising Star" three times in the field of labor and employment. Counsel for the defendants is also well known to this Court and the legal community as a skilled litigator, particularly in employment-based matters. In light thereof, and given the nature of the disputed issues underlying this lawsuit, there is uncertainty surrounding the eventual outcome of the litigation, as well as the potential for appeal to the Fifth Circuit, such that the fourth factor weighs in favor of finding that the settlement of this action is fair, adequate, and reasonable.

The fifth factor, the range of possible recovery, weighs in favor of a finding that the settlement is fair, adequate, and reasonable. The parties carefully negotiated

the sums to be received in settlement by each eligible class member, including payments representing back pay and payments representing liquidated damages and interest. This Court therefore finds that the settlement agreement represents a settlement that curtails risk while resolving this dispute for an amount that, both in total and on individual assessment, is adequate, fair, reasonable, and within the range anticipated by this Court.

The final factor, the opinions of the class counsel, class representatives, and absent class members, also supports a finding that the settlement is fair, adequate, and reasonable. Class counsel and the class representative, as well as the defendant and its counsel, have already approved the terms of the settlement agreement and have joined in asking this Court for approval. The joint motion for approval of the settlement states,

> [T]he named Plaintiff and each Opt-In Plaintiff received 100% of the overtime payments to which he would have been entitled as a matter of law. In addition, they each received a 25% award of total maximum liquidated damages. Plaintiffs have thus been made whole, and have been made more than whole. Moreover, because the attorney's fee award was issued separately, Plaintiffs were not required to pay a percentage of their individual awards to their own attorneys. Given that Plaintiffs have received a greater than 100% recovery through this settlement, this factor weighs heavily in favor of granting approval.

*R. 56, pp. 7-8.* There have been no objections to the settlement, and all of the parties agree that the proposed settlement is in the best interests of the parties involved. As

recognized herein, the settlement was arrived at after extensive negotiation by experienced counsel. A court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement. *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d at 727 (citing *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir. 1977) This Court finds no evidence that counsel have not worked in good faith to secure a good and fair settlement.

As part of the fairness determination, a court must also evaluate the reasonableness of any proposed award of attorneys' fees and expenses sought by the plaintiffs' counsel. *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998). The FLSA mandates payment of attorney's fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 700 (E.D. La. 2009). Here, the parties' agreement provided for $9,408.75 in attorney's fees and costs. *R. 56, p. 8* This reflects a significant voluntary reduction from the actual accrued attorney's fees in this case. Counsel also incurred $535.50 in recoverable costs, which are to be paid out of the same sum. *Id.* Plaintiffs' counsel has willingly accepted a reduction of their earned fees in the interests of good faith compromise. And, as stated above, this was negotiated and paid separately, meaning that there was no percentage reduction for the Plaintiffs to pay the attorney's fees and costs.

For the reasons stated above,

**IT IS RECOMMENDED** that the proposed settlement be approved, and accordingly, that the Court grant the Joint Motion To Accept Settlement [Rec. Doc. 56] on the terms and conditions set forth in the parties' settlement agreement.

**IT IS FURTHER RECOMMENDED** that the claims asserted by the plaintiffs in this lawsuit be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that this case be closed, subject to the court retaining jurisdiction for ninety (90) days to enforce the terms of the parties' settlement agreement, if necessary.

Because the parties have agreed on the payment of the settlement funds and attorneys' fees and there have been no objections to the settlement filed in the record, this Court hereby shortens the time period for objections set forth in 28 U.S.C.A. § 636(b)(1)(c). The parties have <u>five days</u> to serve and file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within five days following the date of its service, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Automobile*

*Association*, 79 F.3d. 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 30th day of August, 2019.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE