# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**DANIEL KAESEMEYER**

**VERSUS**

**LEGEND MINING USA, INC. ET AL.**

**CASE NO. 6:17-CV-01520**

**JUDGE ROBERT R. SUMMERHAYS**

**MAGISTRATE JUDGE WHITEHURST**

## <u>OPINION</u>

Before the Court is a Notice of Voluntary Dismissal [Doc. No. 52], filed by Plaintiff Daniel Kaesemeyer on his own behalf and on behalf of those plaintiffs who have opted into this conditionally certified collective action, as well as a Joint Motion to Accept Settlement [Doc. No. 56], filed by Plaintiff (individually and on behalf of the collective) and Defendants, Legend Mining USA, Inc. and Legend Mining, Inc. Pursuant to the filings, the parties seek dismissal of this matter with prejudice. The Magistrate Judge has issued a Report and Recommendation on the motions. For the reasons that follow, the Court accepts the Report and Recommendation of the Magistrate Judge, and the motions are GRANTED.

On August 16, 2019, Plaintiff filed the above-referenced Notice of Voluntary Dismissal ("Notice") pursuant to Fed. R. Civ. P. 41(a). The proposed order submitted in connection with the Notice states that "[t]he parties have informed the Court that this matter has been settled and that dismissal is requested." [Doc. No. 53]. No substantive information was provided regarding the terms of the settlement agreement, nor was the settlement agreement itself provided to the Court. On August 20, 2019, the Court issued a Minute

Entry referring the Notice to the Magistrate Judge for Report and Recommendation, and advising the parties of the following:

> The proposed order submitted by counsel requests dismissal with prejudice, asserting the parties have settled all claims. [Doc. No. 53]. Because this matter was conditionally certified as a collective action [Doc. No. 39], any settlement of the suit requires court supervision. *See e.g. Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 165 (5th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2nd Cir. 2015). Thus, it would appear additional information is required before the Court could approve any settlement between the parties.

[Doc. No. 54 at n.1]. On August 23, 2019, the Magistrate Judge ordered the parties "to file a joint motion to accept the settlement with reasons stated pursuant to Fifth Circuit jurisprudence by September 4, 2019." [Doc. No. 55 at 1 (emphasis omitted)].

In compliance with the Order of the Magistrate Judge, on August 26, 2019, the parties submitted their Joint Motion to Accept Settlement. [Doc. No. 56]. In the motion, the parties begin their legal analysis as follows:

> At the outset, the Parties contend that under Fifth Circuit law, no formal approval order is necessary to effectuate this settlement. The Fifth Circuit has held that in FLSA cases where parties, both represented by counsel, reach "a settlement of a bona fide dispute, which [the workers] accepted and were compensated for," court approval of the settlement is not necessary. *Martin v. Spring Break '83 Prod.*, 688 F.3d 247, 257 (5th Cir. 2012). Nevertheless, this memorandum has been filed at the Court's request.

*Id.* at 3 (footnote omitted). On August 30, 2019, the Magistrate Judge issued her Report and Recommendation. [Doc. No. 57]. The Magistrate Judge recommended that the Joint Motion to Accept Settlement be granted. The Court agrees with the Magistrate Judge's analysis of the merits and will grant the motions. However, the Court issues this Opinion

to address the parties' position that under *Martin*, this settlement is not subject to Court approval. The Court disagrees.

In *Martin*, several union employees filed a grievance against their employer for unpaid wages. *Martin* at 249. The collective bargaining agreement between the employer and employees recognized the union as the employees' exclusive representative in the bargaining unit and outlined the procedure for union members to follow when filing grievances against their employer. *Id.* After the employees filed their grievance, a union representative investigated the merits, received conflicting information from various sources, and ultimately concluded it would be impossible to determine whether or not the employees worked on the days they alleged they had worked. *Id.* at 249, 255. After the union entered into a settlement pertaining to the disputed hours allegedly worked by the employees and the employees received full payment for their claims, the employees filed suit in federal court arguing the settlement agreement was invalid because individuals may not privately settle FLSA claims. *Id.* at 254. On appeal, the Fifth Circuit affirmed the district court and held the settlement agreement was "an enforceable resolution of those FLSA claims predicated on a bona fide dispute about time worked and not as a compromise of guaranteed FLSA substantive rights themselves." *Id.* at 255; *see also Id.* at 256 ("The Settlement Agreement was a way to resolve a bona fide dispute as to the number of hours worked–not the rate at which Appellants would be paid for those hours . . . ").

In *Bodle*, an employer and two employees settled a state court suit involving multiple claims arising out of non-compete and non-solicitation agreements. *Bodle*, 788 F.3d at 161-62. The settlement agreement contained a broad release provision, whereby the

employees agreed to release their employer "from any and all actual or potential claims,"

including any claims arising from their employment "whether based in tort, contract . . . or

any federal, state or local law, statute, or regulation." *Id.* at 162. Thereafter, the employees

filed suit against their employer in federal court for failure to compensate them for overtime

work as required by the FLSA. *Id.* at 161. The district court granted summary judgment to

the employer, finding that the language of the release barred the employees' subsequent

FLSA claims. *Id.* On appeal, the Fifth Circuit declined to extend the holding of *Martin* to

the facts before it, reasoning as follows:

> The general rule establishes that FLSA claims (for unpaid overtime, in this case) cannot be waived. Accordingly, many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited.
>
> Nevertheless, we have excepted, from this general rule, unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed. . . . The *Martin* exception does not apply to the instant case because not only did the prior state court action not involve the FLSA, the parties never discussed overtime compensation or the FLSA in their settlement negotiations. Therefore, there was no factual development of the number of unpaid overtime hours nor of compensation due for unpaid overtime.

*Id.* at 164-65 (citations omitted).[1] In sum, the *Bodle* court ruled that *Martin* is a narrow exception

to the general rule of judicial scrutiny and that the record before the district court did not establish

grounds for the *Martin* exception.

---

[1] As noted by one court, the primary difference between the general rule discussed in *Bodle* and elsewhere and the *Martin* exception "is the timing of judicial scrutiny." *Kraus v. PA Fit II, LLC*, 155 F.Supp.3d 516, 528 (E.D. Pa. 2016) (collecting cases). In *Martin*, the agreement was scrutinized after questions arose as to its enforceability. "Thus, *Martin* stands for retrospective scrutiny to determine the agreement's enforceability ex post," whereas the general rule applies "prospectively to approve the agreement ex ante." *Id.* at 528. "In fact, consistent with [the general rule], the *Martin* court, in essence, scrutinized the terms of

Like *Bodle*, in this matter, the Rule 41 Notice does not state whether the claims were settled in accordance with the FLSA, nor was any settlement agreement presented to the Court for review. Applying *Bodle* to the circumstances of this case, the Court concludes that the settlement must be reviewed by the Court to ensure the terms are both fair and reasonable under the FLSA.

Following a review of the Joint Motion to Accept Settlement and the Report and Recommendation issued by the Magistrate Judge, the Court finds the settlement involves the resolution of a bona fide dispute over an FLSA provision and further finds the settlement is fair and reasonable. Accordingly, the Court will enter a Judgment granting the Joint Motion to Accept Settlement [Doc. No. 56].

THUS DONE in Chambers on this ___10th___ day of September, 2019.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**

---

the agreement at issue to ensure that they were fair and did not undermine the goals of the FLSA." *Id.* (citing *Martin*, 688 F.3d at 256 n.10).